# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

**BECKY LIVINGS BAILEY**                         \*CIVIL NO. 6:14-2546

**VERSUS**                                        **\*JUDGE DOHERTY**

**OAKBOURNE COUNTRY CLUB, INC., ET AL.**          \*MAGISTRATE JUDGE HILL

## REPORT AND RECOMMENDATION

Pending before the undersigned for report and recommendation is the defendant's  Motion to Dismiss Pursuant to FRCP Rule 12(b)(6).  [rec. doc. 14].  The plaintiff, Becky Livings Bailey ("Bailey"), has filed Opposition. [rec. doc. 19].  The defendants have also filed a post-hearing supplemental memorandum. [rec. doc. 24].  By this Motion, the defendants, the Oakbourne Country Club, Inc. (Oakbourne"), Annette Stansbury ("Stansbury") and Paul Gibson ("Gibson") seek dismissal of Bailey's Title VII lawsuit based on *res judicata*.

For those reasons set out below, it is recommended that the defendants' Motion to Dismiss be **granted** and, accordingly, that this lawsuit be **dismissed with prejudice**.

## BACKGROUND

On June 20, 2014, Bailey filed a lawsuit in the Fifteenth Judicial District Court purportedly asserting Louisiana state law claims for race and gender discrimination and negligence against the same defendants named in the instant lawsuit, arising out of Bailey's termination from her employment as an Assistant Chef at Oakbourne Country Club.  [rec. doc. 14-2].   The lawsuit does not contain a citation to the statute under which Bailey was proceeding.  However, during oral argument, counsel clarified that Bailey's claims were asserted solely under Louisiana law.  In her Petition, Bailey alleged that after she attempted to resign, Stansbury, Gibson's supervisor, requested that she remain. Accordingly, she withdrew her resignation.  Thereafter,  Gibson, Bailey's supervisor, cited Bailey's

attempt to resign as a negative infraction on her work record.  On February 6, 2014, Gibson approved Bailey's request for personal leave beginning February 22, 2014 through March 5, 2014.  On February 21, 2014, Gibson informed Bailey that she would be scheduled to work on March 3, 2014.  When Bailey advised that she could not work that date, Gibson cited this incident as a negative infraction on her work record.  On February 28, 2014, Gibson informed Bailey that she had been scheduled to work on March 4, 2014.  When Bailey advised that she could not return to work until March 5, 2014, Gibson informed Bailey that her employment at Oakbourne had been terminated.

The defendants' moved to dismiss all of Bailey's claims pursuant to a Peremptory Exception of No Cause of Action. [rec. doc. 14-3].  In response, Bailey filed a Voluntary Motion to Dismiss in which she consented to the grant of the defendants' exception of no cause of action and the dismissal of her claims against the defendants *with prejudice*. [rec. doc. 14-4].  By Order dated September 9, 2014, Judge Broussard of the Fifteenth Judicial District Court granted Bailey's Voluntary Motion to Dismiss and accordingly, dismissed Bailey's claims against Oakbourne, Stansbury and Gibson *with prejudice*. [rec. doc. 14-5].

On August 21, 2014, Bailey filed the instant action, against Oakbourne, Stansbury and Gibson. This lawsuit alleges race and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.[1] [rec. docs. 1 and 27].  The allegations in the Complaint and Amended Complaint filed in this Court are virtually identical to the allegations set forth in the Petition previously filed by Bailey in Louisiana state court.  Moreover, Bailey has sued the same defendants –

---

[1] The original Complaint, like her prior State court lawsuit, did not contain a citation to the statute under which Bailey is proceeding.  However, in her Opposition to the Motion and during oral argument, counsel clarified that Bailey's claims in this Court are asserted under federal law and, more specifically, Title VII.  Thereafter, by Amended Complaint, Bailey expressly alleged that her race and gender discrimination claims are filed pursuant to Title VII. [rec. doc. 27].

Oakbourne, Stansbury and Gibson. [rec. docs. 1 and 27].

By the instant Motion, pursuant to Fed. R. Civ. P. 12(b)(6), the defendants move to dismiss all of Bailey's Title VII claims on the basis that the claims are barred by *res judicata*, because they should have been brought in her previously filed Louisiana state court lawsuit which was voluntarily dismissed by Bailey with prejudice.

For the reasons which follow, the undersigned recommends that the motion to dismiss be **granted** and, accordingly, that this lawsuit be **dismissed with prejudice** on grounds that plaintiff's claims against Oakbourne, Stansbury and Gibson are barred by *res judicata*.

### Rule 12(b)(6) Motion to Dismiss Standard

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); F.R.C.P. 12(b)(6).  Moreover, in deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record.  *Cinel v. Connick*, 15 F.3d 1338, 1343 fn.6 (5th Cir. 1994); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) ("[T]he district court took appropriate judicial notice of publicly-available documents and transcripts . . . which were matters of public record directly relevant to the issue at hand."); *Davis v. Bayless*, 70 F.3d 367, 372 fn. 3 (5th Cir. 1995).[2]  Thus, while *res judicata* is generally an affirmative defense to be pleaded in a defendant's answer, because all relevant facts, which are admitted and uncontroverted, are contained in public records  of which this court takes notice, the defense of *res judicata* may be determined on a Rule 12(b)(6) motion.  *See Id.*; *see also Meyers v. Textron, Inc.,* 540 Fed. Appx. 408, 409-410 (5th Cir. 2013) *quoting Clifton v. Warnaco, Inc.*, 53 F.3d 1280, 1995 WL

---

[2]In this case, all of the documents considered by this Court are matters of public record. Accordingly, the instant Motion has not been converted to a Motion for Summary Judgment.

295863, at *6 fn. 13 (5th Cir. 1995) (*per curiam*) (unpublished).

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) *quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004).  In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Ramming,* 281 F.3d at 161-162 *quoting Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

Generally, this Court "must assess whether the complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)." *United States v. Bollinger Shipyards, Inc.*, 775 F.3d 255, 257 (5th Cir. 2014) *quoting Spitzberg v. Hous. Am. Energy Corp.*, 758 F.3d 676, 683 (5th Cir. 2014).

Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555; *Kopp v. Klein*, 722 F.3d 327, 333 (5th Cir. 2013). Stated differently, "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  *Twombley,* 127 S.Ct. at 1965 *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed.2004); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 at fn. 27 (5th Cir. 2009).  If a plaintiff fails to allege facts sufficient to "nudge[] [his] claims across the line from conceivable to plausible, [his] complaint must

4

be dismissed." *Twombley,* 127 S.Ct. at 1974; *Malik v. Continental Airlines, Inc*., 305 Fed. Appx. 165, 167 (5th Cir. 2008); *Mitchell v. Johnson*, 2008 WL 3244283, *2 (5th Cir. 2008).

## LAW AND ANALYSIS

### *Res Judicata*

The purpose of both federal and state law on *res judicata* is essentially the same, that is, to promote judicial efficiency and final resolution of disputes by preventing needless relitigation. *Terrebone Fuel & Lube, Inc. v. Placid Refining Co.*, 666 So.2d 624, 631 (La. 1996).  The doctrine of *res judicata* embraces the notion of "extinguishment" of causes of action and therefore forecloses relitigation of claims that were, or could have been, raised in a prior action. *Id.; Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 312-313 (5th Cir. 2004) *citing Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

To determine the preclusive effect of a prior Louisiana state court judgment, if any, a federal court must apply Louisiana law. *Lafreniere Park Foundation v. Broussard,* 221 F.3d 804, 808 (5th Cir. 2000). The Louisiana doctrine of *res judicata* is set forth in Revised Statute   13:4231, which in provides in pertinent part "[e]xcept as otherwise provided by law, a valid final judgment is conclusive between the same parties, except on appeal or other direct review to the following extent: . . . (2) If the judgment is in favor of the defendant, all causes of action existing at the time of the final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action of those causes of action . . . ."  La.R.S. 13:4231. "The consequence of this statute is that 'all actions arising out of the same transaction or occurrence must be brought together or be subject to a plea of *res judicata*.'" *Zatarain v. WDSU-Television, Inc*., 79 F.3d 1143 (5th Cir. 1996) *quoting Everything on Wheels Subaru, Inc. v. Subaru, Inc*., 616 So.2d 1234, 1238 (La. 1993).

Under § 4231, a Louisiana state court judgment dismissing an action with prejudice will bar a subsequent federal lawsuit, if five elements are met:  (1) the judgment is valid; (2) the judgment is final; (3) the parties to the two actions are the same; (4) the cause of action asserted in the federal suit existed at the time of the prior state court judgment; and (5) the cause of action asserted in the federal suit arose out of the transaction or occurrence that was the subject matter of the state court litigation. *Lafreniere Park Found.*, 221 F.3d at 809.  Because § 4231 is modeled on the federal doctrine and the Restatement of Judgments, courts may consult federal *res judicata* jurisprudence for guidance. *Lafreniere Park Found.*, 221 F.3d at 808.

The first four factors of the *res judicata* analysis are not disputed.[3]  Only the fifth factor,

_____

[3]To be valid a judgment "must have been rendered by a court with jurisdiction over the subject matter and over the parties, and proper notice must have been given." *Lafreniere Park Foundation*, 221 F.3d at 809 *citing* La.R.S. 13:4231, cmt. d.   A final judgment is one that disposes of the merits in whole or in part. *Burguires v. Polligue*, 843 So.2d 1049, 1053 (La. 2003). These requisites are satisfied.  Additionally, the parties in both suits are identical.

Moreover, under Louisiana Code of Civil Procedure Article 1673 the Louisiana state court's dismissal with prejudice of Bailey's first lawsuit was a final judgment with preclusive effect for *res judicata* purposes. *Lafreniere Park Foundation*, 221 F.3d at 809 *citing Leon v. Moore*, 731 So.2d 502, 505 (La. App. 1st Cir. 1999), La.Code Civ.P. art. 1673 ("A judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial. A judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action."), La.R.S. 13:4231, and Frank L. Maraist & Harry T. Lemmon, *Louisiana Civil Law Treatise: Civil Procedure*, § 10.3 (1999).

The undersigned also notes that a federal court's dismissal which is designated "with prejudice" is likewise generally considered a final judgment on the merits for *res judicata* purposes.  *Stevens v. Bank of America*, 587 Fed. Appx. 130, 133 (5th Cir. 2014) *citing Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) *citing Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 fn. 8 (5th Cir. 1993); *See also Bentley v. Fanguy*, 396 Fed.Appx. 130, 131-132 (5th Cir. 2010) *citing Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1169–70 (5th Cir. 1980) and  *Schwarz v. Folloder*, 767 F.2d 125, 130 (5th Cir. 1985) ("Although there has not been an adjudication on the merits in the sense of a weighing of facts, . . . a dismissal with prejudice is deemed an adjudication on the merits for the purposes of *res judicata*.").  Furthermore, Black's Law Dictionary defines a judgment "with prejudice" as meaning "an adjudication on [the] merits and final disposition, barring [the] right to bring or maintain an action on [the] same claim or cause."

whether the causes of action are the same in both suits, is at issue.

To determine whether the prior and current suits involve the same cause of action for purposes of *res judicata*, Louisiana courts have applied the "transactional" test employed under the federal counterpart. *North American Treatment Systems, Inc. v. Scottsdale Ins., Co.,* 943 So.2d 429, 439-440 (La. App. 1st Cir. 2006) *citing Billiot v. LeBeouf Brothers Towing Company,* 640 So.2d 826, 828-29 (La. App. 1st Cir. 1994), *writ denied*, 647 So.2d 1108 (La.1994); *Griffin v. BSFI Western E & P, Inc.,* 812 So.2d 726, 730 fn. 2 (La. App. 1st Cir. 2002)*; Davis,* 383 F.3d at 313.  "Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff  'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *Id. quoting Petro–Hunt, L.L.C. v. United States*, 365 F.3d 385, 395–96 (5th Cir. 2004) *quoting Restatement (Second) of Judgments* § 24(1) (1982).  "What grouping of facts constitutes a 'transaction' or a 'series of transactions' must 'be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" *Davis,* 383 F.3d at 313 *quoting Petro-Hunt quoting* the Restatement (Second) of Judgments § 24(2) (1982); *Lafreniere Park Found*., 221 F.3d at 810-811 *quoting Restatement (Second) of Judgments* § 24(2) and *Hy–Octane Investments, Ltd. v. G&B Oil Products, Inc.*, 702 So.2d 1057, 1060 (La. App. 3rd Cir. 1997) *quoting Black's Law Dictionary*: "a group of facts  so connected together as to be referred to by a single legal name; as a crime, a contract, a wrong.").

The critical issue under the transactional test is whether the two actions are based on the "same nucleus of operative facts." *Davis,* 383 F.3d at 313 *quoting Petro-Hunt* at 396 *quoting In re Southmark Corp*., 163 F.3d 925, 934 (5th Cir. 1999); *see also  Everything on Wheels Subaru,* 616 So.2d at 1238 *quoting Trahan v. Liberty Mutual Insurance Company*, 314 So.2d 350, 353 (La.1975) (defining a

"cause of action" in the context of the peremptory exception as "the state of facts which gives a party a right to judicially assert an action against the defendant" and "the operative facts which give rise to the plaintiff's right to judicially assert the action against the defendant.").

Accordingly, "the critical issue is not the relief requested or the theory asserted but whether [the] plaintiff bases the two actions on the same nucleus of operative facts". *Matter of Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990).  "A party may not avoid the preclusive affect of *res judicata* by asserting a new theory or a different remedy. The nucleus of facts defines the claim rather than the legal theory posed or recovery sought."  *Id.* at fn. 10 *citing Robinson v. National Cash Register Co.*, 808 F.2d 1119, 1124–25 (5th Cir. 1987).  Thus, this Court must review the facts contained in each complaint to determine whether they are part of the same transaction or series of transactions, which arise from the same nucleus of operative facts.

In light of the above, it is clear that both Bailey's previous Louisiana state court lawsuit and the instant federal lawsuit are based on the same nucleus of operative facts.  The claims in each are based on an identical series of connected events which are based on identical facts. All of the claims in question originate from the same continuing course of allegedly discriminatory and retaliatory conduct by Gibson, culminating in an alleged adverse employment action – Bailey's termination from her employment at Oakbourne as an Assistant Chef.  Indeed, under virtually identical circumstances, the Fifth Circuit has found that claims based on the same adverse employment action asserted in state court under the Louisiana state law anti-discrimination statutes and in federal court under Title VII arose out of the same transaction or occurrence.  *Zatarain,* 79 F.3d 1143 at *2.

However, this does not end the Court's inquiry. Even if the two actions are the same, *res judicata* does not bar the instant action unless Bailey "could and should have brought [her Title VII] claims in the former proceeding."  *Howe*, 913 F.2d at 1145.  Bailey makes no arguments in this regard.

8

It is well settled that State courts enjoy concurrent jurisdiction to adjudicate claims under Title VII. *See Yellow Freight System, Inc. v. Donnelly*, 494 U.S. 820, 110 S.Ct. 1566 (1990).  Thus, there was no jurisdictional impediment to the assertion of Bailey's claim under Title VII in the prior Louisiana state court lawsuit.

Moreover, any claim by Bailey that her Title VII claims could not have been brought in her prior Louisiana state court lawsuit because she had not yet received her EEOC right-to-sue letter on the underlying allegations would be without merit.[4]  The EEOC issued Bailey her right-to-sue letter on May 15, 2014, nearly four months before she dismissed her state court lawsuit with prejudice. [rec. doc. 27-1].  Furthermore, the Fifth Circuit has held that subsequently filed Title VII claims may be barred by *res judicata* even if, at the time of the earlier filed suit, the plaintiff has not received a right-to-sue letter.  *Zatarain*, 79 F.3d 1143, at *3-4 *citing Fleming v. Travenol Laboratories, Inc*., 707 F.2d 829 (5th Cir. 1983) *and  Miller v. United States Postal Service*, 825 F.2d 62, 64 (5th Cir. 1987). *See also Davis,* 383 F.3d at 315-316 *citing Woods v. Dunlop Tire Corp*., 972 F.2d 36 (2nd Cir. 1992). This is consistent with the decisions of several other Circuits.[5]

---

[4]A right-to-sue letter is a condition precedent to filing a Title VII claim. *See Davis*, 383 F.3d at 314-315 *citing Pinkard v. Pullman–Standard*, 678 F.2d 1211, 1215 (5th Cir. 1982).

[5] In *Davis*, the Fifth Circuit noted "[s]everal other circuits have similarly held that Title VII claims were barred where plaintiffs failed to take measures to avoid preclusion under *res judicata* while they pursued the requisite Title VII remedies."  *Davis*, 383 F.3d at 315. The Circuit cases cited by the Fifth Circuit are as follows: *Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 714–15 (9th Cir. 2001) (holding "that Title VII claims are not exempt from the doctrine of *res judicata* where plaintiffs have neither sought a stay from the district court for the purpose of pursuing Title VII administrative remedies nor attempted to amend their complaint to include their Title VII claims"); *Herrmann v. Cencom Cable Assocs., Inc.,* 999 F.2d 223, 225–26 (7th Cir. 1993) ("Parties to Title VII actions enjoy no immunity from *res judicata*[.]"); *Boateng v. InterAmerican Univ., Inc.*, 210 F.3d 56, 63 (1st Cir. 2000) (Title VII claim subject to *res judicata* where plaintiff received right-to-sue letter during pendency of prior action); *Jang v. United Techs. Corp*., 206 F.3d 1147, 1149 (11th Cir. 2000) (ADA claim was not exempt from *res judicata* where plaintiff failed to obtain right-to-sue letter during pendency of previous litigation); *Churchill v. Star Enters*., 183 F.3d 184, 193–94 (3rd Cir. 1999) (same) ; *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1032–33 (6th Cir. 1998) (plaintiff's claims were barred by *res judicata* where she could

In *Davis*, the Fifth Circuit reasoned that, as in any other type of civil litigation, the plaintiff must take appropriate measures to avoid preclusion under *res judicata,* even while they pursue the requisite Title VII administrative remedies.  *Davis,* 383 F.3d at 315-316.  Thus, to avoid the preclusive effect of the first state court judgment, the Fifth Circuit opined that the proper procedure is for the plaintiff to amend her petition in the first state court action to add the Title VII claim once the right-to-sue letter is received.  *Zatarain*, 79 F.3d 1143, at *3-4.  A plaintiff's failure to do so will result in dismissal.  *Davis,* 383 F.3d at 315-316; *Zatarain,* 79 F.3d 1143, at *4.[6]

That is precisely the case herein.  Bailey should have sought leave to amend her state court petition to include her Title VII claim once she received her right-to-sue letter.  At a minimum, Bailey should have apprised the state court of her pending EEOC charge, the potential need to amend her petition to add a Title VII claim and to request a stay of the proceedings, if necessary, pending administrative exhaustion and thereby preserve Bailey's Title VII claim.

Alternatively, if she preferred a federal forum, Bailey could have dismissed her state court lawsuit *without* prejudice and awaited her right-to-sue letter before filing all of her claims, state and federal alike, in federal court.  *See Zatarain, supra*.  However, Bailey chose not to pursue any of these available options or to take any measures whatsoever to avoid preclusion.  Instead, Bailey sought to

_____

have obtained a right-to-sue letter and perfected her claim during the two-year pendency of prior action).  *Id.* at 315-316.

[6]*See also Clifton v. Warnaco, Inc*., 53 F.3d 1280, 1995 WL 295863, at *6 fn. 15 (5th Cir. 1995) (*per curiam*) (unpublished) (affirming dismissal of Title VII claims asserted in a second lawsuit as barred by *res judicata*, rejecting the plaintiff's argument that the claims could not have been brought in the original lawsuit because a right-to-sue letter had not been issued until one month before summary judgment was granted); *Murray v. General Services Administration*, 553 Fed. Appx. 362 (5th Cir. 2014) (holding a plaintiff's Title VII claims "barred by *res judicata* even though she had not received a right-to-sue letter at the time she filed her [original] lawsuit."); *Steen v. Harvey*, 247 Fed.Appx. 511 (5th Cir. 2007) (same).

dismiss her state lawsuit with prejudice, an action which precluded any further proceedings under either state or federal law.

For these reasons, under binding Fifth Circuit precedent and well-settled *res judicata* principles[7], Bailey's Title VII claims are barred by *res judicata*.

## CONCLUSION

For the foregoing reasons, it is recommended that the defendants' Motion to Dismiss [rec. doc. 14] be **granted** and, accordingly, that this lawsuit be **dismissed with prejudice**.   Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections

---

[7]The Tenth Circuit explained the principles  underlying *res judicata* as follows:

> A plaintiff's obligation to bring all related claims together in the same action arises under the common law rule of claim preclusion prohibiting the splitting of actions. *See, e.g.*, Restatement (Second) of Judgments § 24. . . .  Critically, that doctrine requires a plaintiff to join all claims together that the plaintiff has against the defendant *whenever during the course of the litigation related claims mature* and are able to be maintained. Thus, even if an additional claim does not mature until well after the initial complaint has been filed, the plaintiff nevertheless must seek to amend the complaint to add additional claims as a compulsory claim when the additional claim can be brought.

> "One major function of claim preclusion[, then,] is to force a plaintiff to explore all the facts, develop all the theories, and demand all the remedies in the first suit." 18 Federal Practice and Procedure § 4408 (emphasis added). "When a valid and final judgment rendered in an action extinguishes the plaintiff's claim . . . , the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions out of which the action arose." Restatement (Second) of Judgments § 24(1) . . . . "The transaction is the basis of the litigative unit or entity which may not be split." Restatement (Second) of Judgments § 24(1) cmt. a.

*Stone v. Dept. of Aviation*, 453 F.3d 1271, 1278-1279 (10th Cir. 2006) (footnotes omitted).

within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).**

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed June 29, 2015, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE